Okay, looks like everybody is present. We are here today in the First District Appellate Court of Illinois, the First Division thereof, in the case of Michael McGuire versus the Court of Claims in the State of Illinois, number 1-21-1287. You're in front of, again, the First Division. I am Terry Lavin presiding today, along with my colleagues, Justice Michael Hyman and Justice Aurelia Puchinski. So what we'll do is hear from the appellant first, and then the appellee, and the appellant should save some time for rebuttal. We're basically looking for about 15 minutes apiece. If we unduly badger you with questions, we'll give you a little bit more time, but if everybody's ready, we can proceed with the appellant. Thank you. May it please the Court, Joel Flaxman for the appellant, Michael McGuire. Mr. McGuire was an Illinois prisoner in 2015 when he became eligible for release on parole. He requested to parole to his mother's house, but a state employee determined incorrectly that Mr. McGuire was not legally permitted to live there. We've read your briefs. We're well aware of the issues. So you raised two issues, and why don't you discuss the issues. Let me begin with a question. What's dicta? Dicta is language in an opinion from a court that's not necessary to the holding of the opinion. Okay. And in your opening brief, you refer to dicta in the Supreme Court case of Rickert when they said certiorari may not be used to review the correctness of a decision by the court of claims based upon the merits of the case before it. Isn't that a statement of the law, something that's been stated over and over by appellate courts as well as the Supreme Court? Yes, and I don't think it's, Rickert is not the first case that has used that language. Okay, so isn't it then the law that we need to follow? It may be dicta in Rickert, whether it is or not is really besides the point, but you know the difference between dicta and not, and it is something that's become part of our common law, isn't it? Um, well, I sort of, the answer is that I think, and even if it, even if the court agrees with me that it's dicta, I, it is correct that this court should almost always follow dicta from the Supreme Court, even if everybody agrees with dicta. So, but this statement in Rickert that the court has quoted was not necessary to the holding of Rickert, and what our point with that is, is that there is no Supreme Court case that has applied that language to review of a case from the court of claims. All right, putting that to the side, let's go to the footnote at the near the very end of Judge Dow's decision. A footnote. Is that dicta? No. Oh, why is that footnote not dicta? Because it's not stating or adopting a legal rule. It's making an express statement about the court's holding. No, it isn't, because where's expressed statement? Do you know what's the difference between a judgment and dicta? What's the judgment of the court? What was the judgment of the court? Let's start with that judgment of the federal court. It was, it was a grant of summary judgment for the defendant, Michael Sturge, on plaintiff's federal claims brought against Mr. Sturge. Okay, so that is, that footnote is not part of the judgment, is it? No, that's not part of the judgment. So, and it has nothing to do with the reasoning. I mean, it's a footnote. Footnotes are besides the point to begin with. If it had anything to do, if it was a finding, it wouldn't be in a footnote. It's not a finding. It was a gratuitous statement on the judge's part, wasn't it? I don't agree that it was a gratuitous statement on the judge's part. Did he? If he hadn't said that, you mean this case would not hold? If he hadn't said that, I think I would be before the court with a different argument. But I think that it's an expressed statement by the federal court about the meaning of its rulings. And I know that there are disagreements about footnotes. Certainly some judges and some lawyers believe you should never use footnotes. But when a judge, when a federal judge puts something into his opinion, whether it's in a footnote or it's a body, the body of the opinion, it is an important statement that a later court trying to interpret that ruling can't ignore and also can't... Wait, wait, wait, wait. You're saying a whole lot of stuff that I don't see any support in your briefs. Wait, what is it about the federal judge? Is there something different in federal court than in state court regarding footnotes? I don't, I'm not relying on a legal rule about footnotes, but what I'm saying is... Well, but you're lying on a legal rule saying that somehow this footnote is something that has to be followed by other courts. I mean, even though it's not part of the judgment, even though it wasn't an issue in the case, actually, I'm trying to find out the contours of your argument because I didn't see any support from case law that would allow a court to have to adapt something a federal judge said in an opinion that had nothing to do with the issue. Federal judge's express statement had everything to do with the issue and... Wait, wait, wait. You say that, but tell me how that's true. The issue before the court of claims was did the federal court rule on the state law claims on the merits? And whether there was this footnote or not, a ruling that somehow the federal court had ruled on the state law claims on the merits is an unreasonable and arbitrary ruling. And we know from the express statement in the footnote of just... We can easily tell that based on the express statement in the footnote. And that's a separate argument from saying statements in federal court rulings have to be deferred to in state court. But we are relying on both things, that whether it's in there or not, the court of claims has to get the facts right when they make a ruling. And who makes that decision? We can't reverse... The only way a court of claims case gets to us is by writ. Isn't that correct? That's what Rossetti says. Yes, your honor. Okay. And we have to follow that, correct? Yes. So we don't sit here to review the ruling, do we? I think that's an oversimplification that the court of claims makes a ruling and this court can review it to determine whether it comports with due process. That is true. That's the limit of the extent of what we can do. Right. And if the court of claims ruling is based on facts that don't exist, it doesn't comport with due process. Well, no. That would be reversing... There was a question whether you had due process. And it just seems to me, yes, you had due process. You don't like the decision that was made, but if we follow your argument, wouldn't we be knee deep in reversing court of claims decisions? No. That our decision is not... Excuse me. Our argument is not seeking plenary or de novo review of court of claims rulings. That the language the court began with from the Reichert case and that those precedents hold that simply asking to review the correctness of a decision is not permitted. But that's not what we're asking. The full sentence from Reichert says it can't be used to review the correctness of a decision by the court of claims based upon the merits of the case before it. And looking at what the court of claims did here, they didn't base their decision on the merits. That when the court of claims doesn't rely on facts before the tribunal, when it gets those facts completely opposite from what they are, that's not the that says that's not the merits? This U.S. Supreme Court case, Goldberg versus Kelly, says the due process requires a decision be based solely on the legal rules and evidence adduced at the hearing. So if the evidence that the court is relying on... What is that case? I mean, that one line taken out of context might sound good, but tell us the context in which that was written. I don't have that in front of me, Your Honor. I'm sorry. The idea that due process only requires allowing the parties to make arguments and to submit briefs is not consistent with Rossetti. In that case, the Supreme Court had before it a case where a party was allowed to argue that it should be allowed to be in front of the... It should be allowed to intervene at the court of claims. It was allowed to file briefs, make an oral argument, and then the court of claims ruled against that party. Did the court of claims make factual findings? In that case, the court of claims made... In your case. Yes. They made factual findings. Yes. The decision by the court of claims says the federal court decided this. That's a factual finding that is not correct. It's the opposite of the reality. But isn't it true in Illinois? We must decline to consider any issue raised by the plaintiff going to the correctness of a factual findings of the court of claims that underlie its decision to dismiss plaintiff's claim. I don't know what that's a citation from, but I don't think that... Well, it's from Koffler, which was cited by the Illinois Supreme Court to prove. I would hope that if we were here in a case where the court of claims had said, based its ruling on two plus two equals five, or black is white, the court could say it's a violation of due process to not rely on correct facts. That a decision by a tribunal that's based on alternate facts violates the due process of the parties before the tribunal. Well, how about Rossetti? Rossetti said, in deciding that certiorari was appropriate under the rare set of circumstances in the instant case, we do not now hold that certiorari would be available to review the correctness of any decision of the court of claims based on the merits of an appeal. Our argument is that we're not seeking review of the correctness based on the merits, because one, the court of claims got the merits wrong. It turned the district, the federal court's ruling on its head. And two, the way it did that... Wait, wait, wait, just your number one talks about the merits. I don't understand. That sounds circular to me. You're saying you're not concerned in the merits, but you are concerned in the merits. No, I'm sorry. I apologize if that wasn't clear. The court of claims has to get the merits right. Well, that's not true. We can't review the correctness of any decision based on the merits of an appeal. So if that... I believe the extreme way that this court is... that you're suggesting we read that is not consistent with the holding in Rossetti. In Rossetti, the court said, this has to go back to the court of claims because it was wrong. It was incorrect for the court of claims to deny Rossetti's motion to intervene. And is it possible... So that's what you're doing. They'd never reached the merits because they wouldn't let him intervene. That's a much different... And don't forget, the court said, this is the Supreme Court, under the rarest set of circumstances in the instant case. So in that case, they never reached the merits because he wasn't allowed to intervene. So that's a much different set here. There is no question about intervention. There's no question about intervention. A because it threw the case out on a motion to dismiss, the merits were never before the court. And the question is not, was the legal ruling correct? It's, did Mr. McGuire have an orderly proceeding? Did he get the due process he deserves? I think another way of looking at it is that we could say, in any case, did the court properly state the facts? Did the court properly state the law? Did the court properly apply the law to the facts? And that last question, if we're asking about that last question, we're here asking you to review the correctness of a decision. But when the court gets those two earlier questions so wrong as to be arbitrary and unreasonable, that's when the due process protection kicks in and the court can say there's something wrong here. The Court of Claims needs to do this again. In your response to the last question, you said that the Court of Claims decided this on the basis of a motion to dismiss, right? That's correct. Wasn't the motion for summary judgment? No, the Court of Claims has a motion to dismiss in the circuit court, and maybe that's what the, that's what your honor is referring to. In the circuit court, it was decided on a motion for summary judgment. Okay, all right. So, and when you are deciding it on summary judgment, you have to decide that there are, if the case is going to be thrown out, you're deciding that there are no material facts, right? Well, for a certiorari petition, I think the procedure is different because there aren't, the court's not allowed to consider anything beyond the record in certiorari. As I'm describing it to the court, it may be that using the word summary judgment was not exactly the right, I think we filed a motion for judgment. I think at the hearing, the judge and chancery called it a ruling for summary judgment against the petitioner. But the only fact before the court was the record from the Court of Claims, and that's the limitation in any petition for certiorari, that the court has to consider the record. Okay, thanks for clearing that up. I appreciate it. You're welcome. Any other questions? I just, I have one. In the Court of Claims case, because it was dismissed there on a motion to dismiss, is that correct? Yes. Did you, did the, did Mr. McGuire raise or expound on the fact that the parole officer found he couldn't live at his mom's house, but then after he spent an extra year in jail, he did get to live at his mom's house. Somebody else said, yeah, you can live at your mom's house. So how did two different officials of the state of Illinois, presumably in the same sort of scheme of things, find two different results? One said it was too close and one said it was okay. That's the crux of Mr. McGuire's case, and that's certainly alleged in the complaint filed at the camp was incorrect. In federal court, we said, I'm sorry, go ahead. I'm sorry to interrupt, but wasn't it that first it was decided by the parole officer, and then when the, your client served his parole time and was released, it was a McHenry County Sheriff that came to a different conclusion? Yes, that's right. All right. And I will also add that the federal court, there was an expert report by a geographer stating that he was not violating the law by living at his mother's house. That was an undisputed fact there. Okay. And I will reserve some time if necessary, but I thank the court for its attention this morning or this afternoon. So in Mr. McGuire's case in front of the court of claims, he argued that the way the parole officer did the measurement was inaccurate. The methodology was inaccurate. Is that right? That's right. Wasn't the methodology that was in the protocol that they're required to use? My recollection of the discovery in the federal case is that there's not much of a protocol, that it's up to these parole officers to figure it out how they want. And he may have used something like Google Maps and I measured it. And in my judgment, it was a little less than 500. And he also testified, we have some leeway to do this. And to the extent that we got to litigate that in a forum, I think that we would have a very strong argument that the statute that says 500 feet does not provide any leeway. It requires a proper measurement and it requires these things to be done accurately. I began with the recitation of the facts and I understand the court wanted to get to the law, but this is really a case that is impossible to explain. That one agency says, no, you have to send another year in prison. The other agency says, oh, no, that was a mistake. I don't know how to explain that to Mr. McGuire. Well, you may not be able to explain it to him, but the fact is you had your opportunity before a federal judge died and he ruled against you on it, didn't he? On that issue, on the issue of the measurement, he said it was okay for the probation officer to use the measurement he did, correct? He said it was not deliberate indifference under the federal constitutional standard that we hadn't provided that evidence. Under state standards for negligence and wrongful imprisonment, it's a completely different standard and it's one that Mr. McGuire has never had his day in court to prove. Okay, let's hear from the appellee, please. Laura Wunder on behalf of the appellee here. I'd like to talk briefly about the very limited scope of review here and then address some of the things that have come up in particular, whether the federal court's footnote is relevant to whether there's a procedural due process violation here and it is not. Some questions have come up and we've looked over the standards which establish that the court's review here is very narrow. It cannot review the correctness of the court of claims decision but only for procedural due process. The reason for that is that the court of claims is an arm of the legislature and the legislature has provided a very limited exception to sovereign immunity for certain claims with exclusive jurisdiction in the court of claims and with no mechanism for judicial review. And to quote from the Rikert decision, and again there are many other cases that are in the same vein, and we talked about dicta. The dicta in Rikert is binding on the appellate courts and at least two appellate courts have recognized that and I don't think that that's being disputed here. So we know that due process is not abridged where a tribunal misconstrues the law or otherwise commits error for which its judgment should be reversed. And consistent with precedent, due process is satisfied if there's an orderly proceeding in which a party has adequate notice and an opportunity to be heard and that is that's exactly what occurred here. The claims are being characterized as challenges that are grounded in due process but they are challenges to the correctness of the decision and there's there's really no way around that. Here there was there was an orderly proceeding because there was written briefing on the motion to dismiss. The petitioner made arguments opposing the application of collateral estoppel. The court claims considered that briefing, considered the arguments, it reached a decision and then the petitioner again presented his arguments in a motion for re-hearing and that was reviewed and that was considered and that establishes that procedural due process was satisfied. He had a right to be heard on the opposition to collateral estoppel and that's what around the idea that this boils down to a review of the correctness, the petitioner brings up the footnote in the federal court's decision and this is being characterized as the court of claims not following that footnote and that mischaracterizes what occurred because the footnote is basically stating in the context that it's not addressing the state law claims and that the state law claims you know should be left to the appropriate state court or tribunal. But does it say appropriate state court? It says no it's a it's a state court. What is a court of claims a state court? It's a legislative court. It's not a court which which I think that highlights why the federal court's footnote really doesn't change anything because if the petitioner had gone into state court and said look there's this footnote and it says I can bring these claims in state court, well he couldn't bring the claims in state court because of sovereign immunity and the federal court wouldn't change anything. The federal court's footnote wouldn't anything. So I think that ties into the federal court's footnote isn't addressing collateral estoppel principles and a court doesn't decide the preclusive effect of its own decision. It really couldn't do that. It couldn't decide the preclusive effect of some subsequent claims that aren't before the court. It's for another tribunal down the road to look at what happened in the first proceeding and decide if there's a preclusive effect. So the footnote isn't some type of binding pronouncement that these claims could go forward no matter what. I think the argument that the petitioner is making boils down to the idea that the federal court's footnote somehow precluded the court of claims from even considering collateral estoppel principles in the first place and that's just not correct. And then we could back up a tier. Even if the federal court's footnote had some type of binding effect, which it plainly does not, then that still would amount to a mistake in how the court of claims applied collateral estoppel principles in this case, which is a mistake of law, which takes us back to the correctness. And he had an opportunity to be heard on all of this. The federal court's footnote was put forward before the court of claims and duly considered. So at most, the court of claims reached a wrong decision about whether there was preclusion in this case. And again, that goes to the correctness. It was stated, this idea that somehow the court of claims didn't base its decision on the evidence that there are facts, the court considered facts that don't exist. And that's not a fair characterization of what happened. Because what the court of claims did when the collateral estoppel arguments were put forward in the motion to dismiss was it reviewed the federal court's decision, the entire decision, not the footnote, and it determined when we look at the federal court's decision, the issue that is raised is the propriety of the parole agent's conduct. And the court of claims compared that to the state court tort claims and said, well, the same issue ultimately of the propriety of the parole agent's conduct is an issue in these state law tort claims. And based on the salience of that issue and the other elements of collateral estoppel, final judgment parties, we are finding that preclusion principles apply here. And at most, perhaps that is an incorrect decision. It may be a correct decision. But a challenge to that is the challenges that are being made go to the correctness of the decision. Well, isn't there another point that the federal court wrote that nothing in the opinion would prevent plaintiff from bringing? Well, you could argue that, yes, nothing prevented the plaintiff from bringing and the plaintiff brought the claim. Now, it doesn't say that because of that, what happens, I mean, you know, it didn't limit any kind of defense that might be brought. I mean, what I guess the argument is that the state can't raise collateral estoppel, but this does not say that. It just said you can bring your claim. It could have gone a different way, right? I mean, you could have lost, but you did. You're better articulating the point that I was trying to make that that's all that the federal court's footnote says is you can bring the claims, not directing how the court of claims could then ultimately resolve the issue, which I don't think the federal court, which the federal court couldn't do because it doesn't decide its own preclusive effect. And this notion also came up of trying to cast this decision as arbitrary and unreasonable. And I think perhaps the outer parameters of that doctrine might be a little unclear, but I think what is very clear is that if something is being cast as arbitrary, and the reason that it's purportedly arbitrary is because of claims that it wasn't applying the law correctly, or it wasn't applying the facts correctly, or it didn't apply the facts and the law correctly, and petitioners trying to split this out, like, well, if it's just got the facts wrong, then that could be arbitrary, or just got the law wrong. It's all the same thing. If our complaint is that the court of claims got the wrong facts, got the wrong law, misapplied it, then it's all about whether it to review the correctness. It's not a 2 plus 2 equals 5 situation. It's not a coin flip situation. This was all about considering the petitioner says, well, this has to be based on the legal rules and the evidence adduced, citing, you know, very general due process statements from Goldberg versus Kelly. This was based on legal rules. It was based on the legal rules of collateral estoppel. It was based on the evidence, because the court of claims reviewed the federal court's decision and found that it raised the same issue. There's no way of getting around that this comes back to not liking the result that was reached. So due process, procedural due process, was afforded here in an orderly proceeding. And given the court's very limited scope of review, certiorari was properly denied here. Maybe I'll just finally mention that petitioner brought up Rossetti to compare this situation with the situation of the subcontractor in Rossetti, and I think that that highlights how the situations are different. The subcontractor in Rossetti, because he wasn't allowed to intervene, he didn't have the opportunity to argue against the fraud defense being applied to his claims. And here the petitioner did have the opportunity to argue against collateral estoppel being applied to his claims. Rossetti doesn't stand for the proposition that there always has to be an evidentiary hearing on the merits. It's quite clear that it's talking about due process, and it involved a rare set of circumstances, and that review cannot be based on correctness. That language starts with Rossetti. So there are a number of decisions, certiorari decisions from court of claims that originate from court of claims cases where the court of claims has dismissed claims, a motion to dismiss, and the courts have not found that to be a due process problem. And those were comparable in that some of them were a threshold issue like the statute of there's a legal issue that would present an impediment to a claim. Considering that type of issue has never been considered a procedural due process problem, and the procedures here of written briefing, listening to the parties, and reaching a decision is very consistent with due process. And for those reasons, the writ was properly denied. If there are any other questions that I can answer for the court, I'll do that. I don't think so. Let's hear some rebuttal, please. Excuse me, Justice Levin. I'd just like to make sure I understand what you're saying. So say the court of claims, here's a claim, totally gets the facts wrong, totally comes up with the wrong decision, says the moon is the sun. Everybody knows it's wrong. What remedy are you suggesting is available to the claimant? I think you would really have to look at what happened in a particular case, but it may be the case, if we're talking about getting facts wrong, and that was a situation that was presented to the court of claims and argued and considered, it may be the case that that falls outside the scope of judicial review, given that the court of claims is an arm of the legislature, and the review here is very narrow. But we don't have an edge case here. This is a situation where there was an opportunity to be heard on these legal principles, and this was fully considered in light of what's being found in the federal court's decision, what are the state law claims involved, and the court of claims coming to a decision based on the evidence before it, in light of considering the arguments that were presented. No judicial review. And I think that what's nagging at me is that this parole officer said in his paperwork, oh, I used a tree line, I used a fence line. And anybody who owns property knows that those are not necessarily accurate. I'm supposing this guy never owned any property, whatever. But it just seems to me that the court of claims relied on this parole officer's sort of mushy description of what he did, and said, oh, yeah, that's okay. You know, that's fine. And the guy who's stuck in the slammer is saying, wait a minute, wait a minute. You're looking at the spectrum, but, oh, no, there's no judicial review of that. Is that what you're saying? There is no judicial review of the merits of a court of claims decision. A wrong result is not a deprivation of due process. It's one of the cases that talks about this race, I think says it well, by saying that due process is not a guarantee against erroneous or even unfair decisions. And I think if we, and this is getting into the merits, which we aren't supposed to do, but even the federal court, you know, recognized that the parole agent here provided a methodology that involved a good faith attempt, and that did not differ from what the geography expert had come up with, except by a small percentage. What 12 feet difference? I mean, they weren't arguing about a mile. They were arguing about 12 feet. It's a very, very small distance. So a mushy tree line could make that difference. And I just wanted to hear you say there's no judicial remedy for that. There's no remedy. Generally, their courts do provide judicial review. But again, this is just a very unique context. Okay. Thank you. Rebuttal. Thank you. To step back just a little bit, the federal claims, as I mentioned before, were under a standard called deliberate indifference, which is more or less the same as criminal recklessness. The federal court's judgment rulings under that standard ask a completely different question than what has to be asked for a negligence claim. And for a negligence claim that we tried to bring before the court of claims, a small mistake of just a few feet that causes Mr. McGuire to be locked up for an extra year is something that he can be compensated for. The other question that we talked before about the federal district court's judgment and the question of dicta, the judgment of the federal court is one line that says judgment has been entered against plaintiff in favor of defendant. The opinion explains that judgment. And when the court of claims looks to that opinion to apply collateral estoppel, our position is it has to get it right, that it has to rely on what's actually in the opinion. And we're not just saying it has to not ignore this footnote. We're also saying that everything else in this opinion, which the court of claims in our position totally misinterpreted, misconstrued, is a problem, is a due process problem when the court of claims gets those facts wrong in reaching its decision. And that's why we respectfully request that the court reverse the ruling below and tell the district court to issue the writ of certiorari. Okay. I'd like to thank both attorneys for their excellent briefs and arguments before us, very professionally done. A lot of conversation about due process here and a lot of different jurisdictions and different courts and legislative bodies, et cetera. So it's sort of a, some ways they're very simple facts, but there's a complicated legal analysis and we will make a decision and issue our opinion forthwith. Thank you very much. Have a good day.